≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

## ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
ELAINE L. CHAO, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

### DEFENDANTS
MCI SERVICES, INC., et al

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rudolph Contreras, Asst. U.S. Attorney for the Dist. of DE.
1007 N. Orange St., Suite 700, P.O. Box 2046, Wilmg., DE 19899, 302-573-6277

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Injunctive action pursuant to 29 U.S.C. Section 1001, et seq.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions:)   JUDGE _____   DOCKET NUMBER _____

DATE 5/6/05

SIGNATURE OF ATTORNEY OF RECORD
Rudolph Contreras, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

ORIGINAL

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ELAINE L. CHAO, SECRETARY OF LABOR,      :
UNITED STATES DEPARTMENT OF LABOR,
                                         :   CIVIL ACTION
              Plaintiff,
    v.                                   :   No.

MCI SERVICES, INC., and PRINCIPAL LIFE   :
INSURANCE COMPANY,
                                         :
              Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

**COMPLAINT**

Elaine L. Chao, Secretary of Labor, United States Department of Labor, hereby alleges:

**JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, et seq., and is brought to obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue with respect to this action lies in the District of Delaware, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The MCI Services, Inc. 401(k) Retirement Plan ("the Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and is, therefore,

subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a). At all relevant times, the Plan has been administered from and maintained its principal address in Wilmington, Delaware.

5. For purposes of this Complaint, the relevant period is defined as March 1, 1996 to date.

## THE PARTIES

6. The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

7. MCI Services, Inc. ("MCI Services") is the Administrator of the Plan and thus a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A). MCI Services, Inc. is currently a void corporation under the laws of Delaware and was involuntarily dissolved by the Delaware Secretary of State for failure to pay taxes.

8. Principal Life Insurance Company ("Principal") is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## GENERAL ALLEGATIONS

9. On or about March 1, 1996, MCI Services established the Plan to provide supplemental retirement benefits to eligible participants of the participating employer – MCI Services.

10. As of the end of the 2003 Plan year, there were twelve (12) participants and $161,524.18 in Plan assets.

2

11. Principal is the custodian for the assets held in the Plan.

12. During the first half of 2001, MCI Services became insolvent and ceased operations.

13. As of July 2001, MCI Services stopped making contributions to the Plan.

14. Since MCI Services ceased operations, it has not taken fiduciary responsibility for the operation and administration of the Plan and its assets, nor has it appointed anyone to assume said responsibility.

15. Since MCI Services ceased operations, participants and beneficiaries of the Plan have not been able to obtain distributions from the Plan of their individual account balances.

16. Under the terms of the Plan, the Plan was to be terminated by MCI Services when it completely discontinued contributions.

17. Once the Plan is terminated, the terms of the Plan require the trustee to distribute the Plan assets to the participants and beneficiaries.

## **VIOLATIONS**

18. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-17, inclusive.

19. By the actions and conduct described in paragraphs 13-17, MCI Services as fiduciary of the Plan,

    a. failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A); and

    b. failed to discharge its duties with respect to the Plan solely in the

3

interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays that this Court enter an Order:

A.  Removing defendant MCI Services from its position as fiduciary with respect to the Plan and appointing an independent fiduciary to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries;

B.  Directing defendant Principal Life Insurance Company to turn the assets of the Plan over to the independent fiduciary appointed by the Court to administer the Plan;

C.  Awarding the Secretary the costs of this action; and

D.    Ordering such further relief as is appropriate and just.

                                        Howard M. Radzely
                                        Solicitor of Labor

                                        Catherine Oliver Murphy
                                        Regional Solicitor

                                        */s/ Joan M. Roller*
                                        Joan M. Roller
                                        Regional Counsel

                                        U.S. DEPARTMENT OF LABOR

                                        Colm F. Connolly
                                        United States Attorney

By:          */s/ Rudolph Contreras*
                                        Rudolph Contreras
                                        Assistant U.S. Attorney for the
                                        District of Delaware
                                        1007 N. Orange St., Suite 700
                                        P.O. Box 2046
                                        Wilmington, DE 19899-2046
                                        (302) 573-6277 x 154

                                        Attorneys for Plaintiff

(Applicant's Address)   Office of the Solicitor, 170 S. Independence Mall West, Suite 630 East, Philadelphia, PA 19106