FILED
CLERK U.S. DISTRICT C...
DISTRICT OF DELAWARE

2005 MAY 11  PM 3: 52

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

---

ELAINE L. CHAO, SECRETARY OF LABOR,  :
UNITED STATES DEPARTMENT OF LABOR,
                                                    :     CIVIL ACTION
              Plaintiff,
                                                    :     No.  05-286
v.
                                                    :

MCI SERVICES, INC., and PRINCIPAL LIFE   :
INSURANCE COMPANY,
                                                    :
              Defendants

---

### COMPLAINT

Elaine L. Chao, Secretary of Labor, United States Department of Labor, hereby alleges:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, et seq., and is brought to obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue with respect to this action lies in the District of Delaware, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The MCI Services, Inc. 401(k) Retirement Plan ("the Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and is, therefore,


GOVERNMENT EXHIBIT A

subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a). At all relevant times, the Plan has been administered from and maintained its principal address in Wilmington, Delaware.

5. For purposes of this Complaint, the relevant period is defined as March 1, 1996 to date.

## THE PARTIES

6. The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

7. MCI Services, Inc. ("MCI Services") is the Administrator of the Plan and thus a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A). MCI Services, Inc. is currently a void corporation under the laws of Delaware and was involuntarily dissolved by the Delaware Secretary of State for failure to pay taxes.

8. Principal Life Insurance Company ("Principal") is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## GENERAL ALLEGATIONS

9. On or about March 1, 1996, MCI Services established the Plan to provide supplemental retirement benefits to eligible participants of the participating employer – MCI Services.

10. As of the end of the 2003 Plan year, there were twelve (12) participants and $161,524.18 in Plan assets.

11. Principal is the custodian for the assets held in the Plan.

12. During the first half of 2001, MCI Services became insolvent and ceased operations.

13. As of July 2001, MCI Services stopped making contributions to the Plan.

14. Since MCI Services ceased operations, it has not taken fiduciary responsibility for the operation and administration of the Plan and its assets, nor has it appointed anyone to assume said responsibility.

15. Since MCI Services ceased operations, participants and beneficiaries of the Plan have not been able to obtain distributions from the Plan of their individual account balances.

16. Under the terms of the Plan, the Plan was to be terminated by MCI Services when it completely discontinued contributions.

17. Once the Plan is terminated, the terms of the Plan require the trustee to distribute the Plan assets to the participants and beneficiaries.

## VIOLATIONS

18. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-17, inclusive.

19. By the actions and conduct described in paragraphs 13-17, MCI Services as fiduciary of the Plan,

    a. failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A); and

    b. failed to discharge its duties with respect to the Plan solely in the

interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court enter an Order:

A. Removing defendant MCI Services from its position as fiduciary with respect to the Plan and appointing an independent fiduciary to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries;

B. Directing defendant Principal Life Insurance Company to turn the assets of the Plan over to the independent fiduciary appointed by the Court to administer the Plan;

C. Awarding the Secretary the costs of this action; and

D.  Ordering such further relief as is appropriate and just.

                Howard M. Radzely
                Solicitor of Labor

                Catherine Oliver Murphy
                Regional Solicitor

                _____
                Joan M. Roller
                Regional Counsel

                U.S. DEPARTMENT OF LABOR

                Colm F. Connolly
                United States Attorney

By:    _____
                Rudolph Contreras
                Assistant U.S. Attorney for the
                District of Delaware
                1007 N. Orange St., Suite 700
                P.O. Box 2046
                Wilmington, DE 19899-2046
                (302) 573-6277 x 154

                Attorneys for Plaintiff